# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JAMES O. TURNER**                                                                             **PLAINTIFF**

**V.**                                                          **CIVIL CAUSE NO. 4:22-CV-2-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                         **DEFENDANT**

## FINAL JUDGMENT

Plaintiff James O. Turner filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on March 1, 2019, alleging onset of disability commencing on June 30, 2018. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on July 21, 2021. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant's seizure disorder was his only severe impairment. The ALJ found he retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels. However, he could only occasionally climb ramps or stairs; he could never

climb ladders, ropes, or scaffolds; and he could never be exposed to workplace hazards such as moving mechanical parts and high, exposed places.

While the plaintiff cannot perform any of his past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as a laundry worker and mail clerk. These two jobs represent 80,000 and 100,000 jobs respectively in the national economy.

## **ANALYSIS**

The plaintiff asserts the ALJ erred in failing to properly consider all the record evidence. Specifically, the plaintiff argues the ALJ failed to include any restrictions associated with his lower extremity impairments in the RFC finding. He maintains that a May 24, 2021 x-ray "was not subject to any professional medical review" causing him prejudice based on his age and vocational profile. Citing *Moore v. Saul*, the plaintiff argues "the ALJ may not legally assess a claimant's RFC based upon 'raw medical data' without basing such a finding on evidence from a medical source which is exactly what the ALJ did here with the x-ray demonstrating a fracture in Plaintiff's ankle." Docket 12 at 5 (citing *Moore v. Saul,* No. 3:20CV161-MPM-JMV, 2022 WL 987735 (N.D. Miss. Mar. 31, 2022)).

The record contains a radiology report from May 24, 2021, documenting an "age-indeterminate lateral malleolus fracture with a questionable small avulsion fracture off the plantar aspect of the anterior calcaneus" on the plaintiff's left ankle. Docket 7 at 424. This record post-dates the State agency physicians' reviews at the initial and reconsideration levels but is addressed in the ALJ's decision. The ALJ recited the report's findings and noted the plaintiff's testimony that the ankle injury occurred in 2014 and he could not stand for more than 30 minutes

based on his ankle pain. *Id*. at 18. However, the ALJ concluded that "aside from the x-ray, there is no treatment for [the plaintiff's] ankle pain" and pointed to his work history despite "having complaints of his ankle issues." *Id*. The ankle impairment was not deemed "severe," and the ALJ assessed an RFC with no exertional limitations based in part on the lack of treatment for the plaintiff's ankle pain.

In *Moore v. Saul*, the court distinguished the ALJ's ability to interpret "objective medical evidence" versus "raw medical evidence" when formulating an RFC. *Moore v. Saul,* No. 3:20CV161-MPM-JMV, 2022 WL 987735 (N.D. Miss. Mar. 31, 2022). An ALJ may rely on objective medical evidence – "evidence where the extent of functional loss and its effects on job performance would be apparent even to a lay person" – when making an RFC determination. *Id*. at *2 (citing *Minor v. Astrue*, No. 1:13CV17-HSO-RHW, 2014 WL 936438 at *6 (S.D. Miss. Mar. 10, 2014)). However, by comparison, raw medical evidence "does not permit 'common-sense judgments about functional capacity' and instead requires the ALJ to 'overstep the bounds of a lay person's competence and render a medical judgment.'" *Id*. (quoting *Minor v. Astrue*, 2014 WL 936438 at *6). Therefore, raw medical evidence alone is not substantial evidence in support of an RFC determination.

In *Moore*, the ALJ lacked the capacity to make a common-sense judgment where records noted disc bulging and moderate facet degenerative changes. *Id*. In light of these findings, the court held that a medical opinion assessing the impact of Moore's knee pain on her ability work was required. The ALJ could not play doctor by interpreting raw medical evidence because doing "so involve[d] judging matters entrusted to experts." *Id*. at *3. The court explained "the ALJ's findings are not conclusive when derived by […] judging matters entrusted to experts." *Id.* (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)).

In *Minor v. Astrue*, the claimant similarly argued the ALJ improperly evaluated medical evidence without the benefit of a medical opinion when assigning functional limitations. *Minor v. Astrue*, No. 1:13CV17-HSO-RHW, 2014 WL 936438 at *6 (S.D. Miss. Mar. 10, 2014). However, the court held that an additional medical opinion on the subsequent evidence was not required to render an opinion supported by substantial evidence. The physician's assessment was completed without the benefit of later medical evidence concerning the claimant's knee condition, including x-rays demonstrating mild degenerative changes. Yet the court found the subsequent medical evidence did not indicate any new or additional limitations as to the claimant's work-related activities and held the ALJ was under no obligation to obtain an additional medical opinion. The ALJ's common-sense judgment regarding this subsequent medical evidence did not amount to rendering a medical judgment.

The same is true here: the ALJ did not err in evaluating the May 2021 radiology report without the benefit of a medical opinion. The plaintiff testified he injured his ankle in 2014; however, he applied for disability for conditions related only to his seizures, leg, knee, and back – not his ankle – and continued working despite his ankle injury. As stated in the ALJ's decision, "aside from the x-ray, there is no treatment for [the plaintiff's] ankle pain." The complete absence of medical evidence documenting any treatment – much less establishing any limitation(s) – related to the plaintiff's ankle fracture supports the ALJ's determination that this impairment was non-severe and did not cause any functional limitations.

This court's review is constrained by a showing of substantial evidence supporting the ALJ's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). It cannot "reweigh the evidence in the record […] or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey v. Apfel*, 230 F.3d 131, 135 (5th

Cir. 2000). Here, the evidence weighs in favor of the Commissioner's decision. The ALJ determined the plaintiff's RFC based on the record as a whole – a record documenting sparse treatment history with no complaints of ankle problems or pain. Similar to the facts in *Minor v. Astrue*, the scant medical record supports the ALJ's finding that the plaintiff's ankle impairment was not severe and did not warrant any functional limitations.

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 6th day of October, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**